**AFFIRM; and Opinion Filed March 7, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01621-CV

## THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF C.M.

**On Appeal from the Probate Court No. 3,**
**Dallas County, Texas**
**Trial Court Cause No. MI-13-03639**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Moseley, and Justice Richter[1]
Opinion by Justice Richter

C.M. appeals from a judgment of commitment for temporary inpatient mental health services. In nine issues, appellant contends that there is no evidence or the evidence is legally and factually insufficient to support a finding by clear and convincing evidence that: (1) as a result of mental illness, he was likely to cause serious harm to himself or others; (2) his ability to function independently was deteriorating because of mental distress; and (3) he was unable to make a rational decision as to whether or not to submit to treatment. We overrule C.M.'s issues and affirm the trial court's judgment of involuntary commitment.

### Background

C.M. has been a patient at Terrell State Hospital five times since 2003. His last commitment was from October 11, 2013 to October 15, 2013. Around October 23, 2013,

---

[1] The Hon. Martin Richter, Justice, Assigned

appellant arrived voluntarily at Green Oaks Hospital seeking treatment. After examining appellant, Dr. Butler completed a certificate of examination, noting appellant's diagnosis as "bipolar I manic, severe, with psychosis." The hospital report noted that appellant was constantly talking, yelling, rapping, singing very loudly and had "very pressured" speech. The hospital report also stated that appellant was violent and aggressive, sexually inappropriate, refused medication, and did not respond to redirection.

The next day, an application for court ordered temporary mental health services was filed with a physician's certificate of medical examination for mental illness signed by Dr. Butler. Appellant was transferred to Terrell State Hospital. The following week, Dr. Margaret Weidow, a staff psychiatrist at Terrell State Hospital, evaluated appellant and filed a second physician's certificate of medical examination for mental illness. That certificate also identifies appellant's diagnosis as "bipolar I disorder, most recent episode, manic." On November 7, 2013, the trial court held a commitment hearing, at which both Dr. Weidow and appellant testified. The trial court granted the application and ordered commitment at Terrell State Hospital for a period of time not to exceed ninety days. C.M. timely appealed the judgment of involuntary commitment.

**Burden of Proof**

A trial court may order temporary inpatient mental health services only if it finds by clear and convincing evidence that the patient is mentally ill and as a result of that mental illness, at least one of three criteria results: the patient (1) is likely to cause serious harm to himself; (2) is likely to cause serious harm to others; or (3) is suffering severe and abnormal mental, emotional, or physical distress, is deteriorating in his ability to function independently, and is unable to make a rational and informed decision as to whether or not to submit to treatment. TEX. HEALTH SAFETY CODE ANN. § 574.034(a)(2)(A),(B), and (C)(i)-(iii) (West 2010). To constitute clear and convincing evidence under section 574.034, the evidence must include expert testimony and,

unless waived, evidence of a recent overt act or a continuing pattern of behavior that tended to confirm: (1) the likelihood of serious harm to the patient or others; or (2) the patient's distress and the deterioration of the patient's ability to function. TEX. HEALTH SAFETY CODE ANN. § 574.034(d) (West 2010).

**Standard of Review**

In a legal sufficiency review where the burden of proof is clear and convincing evidence, we examine all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that the finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). Likewise, in reviewing a factual sufficiency claim, we will consider the evidence that the fact finder could reasonably have found to be clear and convincing and then determine, based on the entire record, whether the fact finder could have formed a firm belief or conviction that the allegations in the application were proven. *Id.*

**Discussion**

Here, the trial court found that commitment was justified under all three criteria for court ordered mental commitment. In nine issues, appellant contends (1) the evidence is legally insufficient to support any of the three criteria necessary for court ordered mental commitment, and (2) the evidence is legally and factually insufficient to support the necessity for commitment, specifically because he contends there was no evidence presented by the State at the hearing of a recent overt act or continuing pattern of behavior that tended to confirm he met any of the three criteria necessary for a court ordered mental commitment. At the commitment hearing, Dr. Weidow testified that appellant has a history of mental illness and has been to Terrell State Hospital several times since 2003. According to Dr. Weidow, appellant has bipolar I disorder, most recent episode, manic with psychotic features. She described appellant as highly grandiose, euphoric, and manic. She testified that when appellant arrived at Green Oaks, he was constantly

–3–

talking, rapping, had very pressured speech and was difficult to follow and it was difficult to obtain meaningful information from him.

In Dr. Weidow's opinion, appellant is likely to cause serious harm to himself because his loud singing is irritating to his peers, and as a result, puts him at some risk. She does not believe that he is sleeping well. Appellant also takes his medication intermittently. He refuses certain medication because he believes he is allergic to them. Dr. Weidow testified that no allergies or side effects from any medication have been documented in appellant's record. She further testified that appellant is likely to cause harm to others. At Green Oaks, she said that he struck two different mental health technicians in the face and clenched another technician's testicles. At Terrell State Hospital, she testified that there was a physical altercation with a male peer after appellant was told several times to stop singing and being inappropriate with female peers, and that there was also an incident where appellant suddenly went and laid down on a female peer who was lying on a couch in the day area. She testified that appellant is deteriorating in his ability to function independently, and that he is not able to make a rational and informed decision as to whether to submit to treatment. In Dr. Weidow's opinion, it would be in appellant's best interest to receive inpatient treatment at Terrell State Hospital at this time, and that there are no less restrictive alternatives available.

Appellant also testified at the commitment hearing. He testified that he went to Green Oaks to combine pain management treatment with psychiatric treatment, and both times that he checked in voluntarily they have tricked him into receiving involuntary treatment. Appellant stated that he is allergic to Haldol. He testified that his extreme behaviors were reactionary because he is allergic to the medication and he believes they are trying to kill him by administering it to him. He also testified that his psychotic behaviors were a result of the medication, and that he does not "need any of the psychiatric medications out in real life." He

–4–

said that as far as some of his behaviors, "they're falsifying things, some things they are over reporting, and like over exaggerating." He admitted to making sexually inappropriate statements. Appellant disagreed with Dr. Weidow's diagnosis that he is bipolar or manic. He also disputed Dr. Weidow's account of the incident where he laid down on a female peer. He said that they were good friends, they were playing and that he did not even lay down on her. Appellant told the Court that he was supposed to head to Los Angeles to audition for a reality show, but that it was confidential. Appellant rambled about his music career, his music company and affiliations he has in the music industry. Appellant said that if he were released, he "just needs to get out of the country."

After reviewing the record, we hold the trial court could have reasonably formed a firm belief or conviction that C.M. is mentally ill and as a result of that illness, as confirmed by his recent overt acts and continuing pattern of behavior, was likely to cause harm to himself or others, was deteriorating in his ability to function independently due to mental distress, and was unable to make a rational and informed decision about whether or not to submit to treatment. We conclude that the evidence is legally and factually sufficient to support the trial court's judgment.

Accordingly, we overrule C.M.'s nine points of error and affirm the judgment of the involuntary commitment.


/Martin Richter/
MARTIN RICHTER
JUSTICE, ASSIGNED

131621F.P05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF C.M.

No. 05-13-01621-CV

On Appeal from the Probate Court No. 3,
Dallas County, Texas
Trial Court Cause No. MI-13-03639.
Opinion delivered by Justice Richter.  Chief
Justice Wright and Justice Moseley
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 7th day of March, 2014.

/Martin Richter/

MARTIN RICHTER
JUSTICE, ASSIGNED